IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-313-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY RASHON BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

On October 10, 2019, Anthony Rashon Barnes ("Barnes") moved for appointment of counsel to challenge the validity of his federal sentence of June 1, 2018, in light of intervening case law [D.E. 78]. On June 17, 2020, Barnes moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 80]. As explained below, the court denies Barnes's motions.

I.

On February 5, 2018, pursuant to a written plea agreement, Barnes pleaded guilty to Hobbs Act robbery and aiding and abetting. See [D.E. 50, 51]. On June 1, 2018, the court held Barnes's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and overruled Barnes's objections to the PSR. See [D.E. 72, 73, 74]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Barnes's total offense level to be 25, his criminal history category to be I, and his advisory guideline range to be 57 to 71 months' imprisonment. See [D.E. 74] 1. After thoroughly considering all factors under 18 U.S.C. § 3553(a), the court sentenced Barnes to 64 months' imprisonment. See [D.E. 73]. Barnes did not appeal.

## A.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

states that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Barnes seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Barnes relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13.

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

See [D.E. 80] 2. Specifically, Barnes cites the COVID-19 pandemic and his sarciodosis. See id.

As a preliminary matter, the court assumes without deciding that Barnes has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). On April 14, 2020, Barnes requested that the warden grant compassionate release to him. See [D.E. 80] 2. On May 23, 2020, the warden denied Barnes's request. Id. The government has not properly invoked section 3582's exhaustion requirements to challenge Barnes's representations. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Barnes's claim on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Barnes's sarciodosis coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Barnes's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Barnes engaged in violent, criminal conduct. Barnes was the driver in a convenience store robbery. His co-conspirator walked into the store, pointed a handgun at the store clerk's head, threatened to shoot him, and demanded money. The store clerk acquiesced, but followed Barnes's co-conspirator to the parking lot with a handgun after the co-conspirator left the store. Once outside the store and after Barnes's co-conspirator brandished his weapon, the store clerk fired four shots, hitting no one. See PSR [D.E. 70] ¶¶ 10–12. Moreover, Barnes has convictions for trespassing (two counts), contributing to the delinquency of a juvenile, and disorderly conduct. See id. at ¶¶ 17–22. Nevertheless, Barnes has taken some positive steps while incarcerated. See [D.E. 80] 2. Having considered the entire record, the steps that the BOP has taken to address

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

COVID-19, the section 3553(a) factors, Barnes's arguments, and the need to punish Barnes for his criminal behavior, to incapacitate Barnes, to promote respect for the law, to deter others, and to protect society, the court declines to grant Barnes's motion for compassionate release. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

B.

Barnes moves for the appointment of counsel concerning a motion to challenge his sentence. See [D.E. 78]. Barnes has no right to counsel in a post-conviction proceeding. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ross v. Moffitt, 417 U.S. 600, 614–19 (1974). Nonetheless, the court could appoint counsel. See 18 U.S.C. § 3006A(a)(2)(B). This action, however, does not present legally complex issues, and the interests of justice do not require appointment of counsel. Thus, the court denies Barnes's motion to appoint counsel. To the extent Barnes seeks to challenge his sentence under 28 U.S.C. § 2255, he may file a section 2255 motion on the form prescribed for use in this court. The court declines to state whether any such motion would be timely.

II.

In sum, the court DENIES Barnes's motion for compassionate release [D.E. 80] and Barnes's motion for appointment of counsel [D.E. 78].

SO ORDERED. This 17 day of August 2020.

JAMES C. DEVER III
United States District Judge